# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| MELISSA LETELLIER and GREG RAY, <br><br> Plaintiffs, <br><br> v. <br><br> HOME SAFETY SOLUTIONS, AIRTITE YOUR HOME.COM, SYNCHRONY BANK and THE BRAND BANKING COMPANY, dba GREENSKY, LLC, <br><br> Defendants. | ) Civil Action No.: _____ <br> ) <br> ) **[REMOVAL FROM THE DISTRICT** <br> ) **COURT, BIDDEFORD DIVISION, YORK** <br> ) **COUNTY, MAINE** <br> ) **DOCKET NO. BID-CV-17-76]** |

## NOTICE OF REMOVAL

Defendant Synchrony Bank ("Synchrony"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby notices removal of the state court civil action styled as Melissa Letellier and Greg Ray v. Home Safety Solutions, Airtite Your Home.com, Synchrony Bank, and The Brand Banking Company, dba GreenSky, LLC, No. BID-CV-27-75, from the Biddeford District Court, York County, Maine to the United States District Court for the District of Maine, and in support thereof states as follows.

### I. BACKGROUND

1. On or about April 10, 2017, Melissa Letellier and Greg Ray ("Plaintiffs") filed a Complaint against multiple defendants, including Synchrony (the "Complaint") in the Maine District Court, Biddeford Division (the "State Court"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. On April 26, 2017, the Complaint was served on Synchrony.

3. Except for the Notice filed with respect to this Notice of Removal, as of the date of this filing, no pleadings, motions, or papers other than the Complaint, have been filed with the State Court in this action.

4. Synchrony has confirmed with the clerk of the District Court of Biddeford County, Maine, by telephone, that to date, no other Defendant has been served in this action. To the best of Synchrony's knowledge, no other named Defendant in this matter has been served as of the date and time of this Notice of Removal.

5. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Synchrony has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## II.  GROUNDS FOR REMOVAL

**A.     Synchrony Has Satisfied The Procedural Requirements For Removal.**

6. Synchrony received the Complaint filed in State Court by mail on April 26, 2017.

7. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because Synchrony is filing its Notice of Removal within 30 days of its receipt of the initial pleading setting forth the claim for relief upon which such action is based.

8. Venue is proper in this Court because the State Court is in this district and division. *See* 28 U.S.C. §§ 1441 and 1446(a).

9. No previous request has been made for the relief requested herein.

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs, and a copy is being filed with the State Court Clerk.  A copy of the State Court Notice of Filing of Notice of Removal, without its exhibits, is attached hereto as **Exhibit B**.

**B.     Removal Is Proper Because this Court Has Subject Matter Jurisdiction**

11.     Pursuant to 28 U.S.C. § 1331, United States District Courts are vested with jurisdiction to consider cases or controversies "arising under" the laws of the United States of America. *See* 28 U.S.C. § 1331.

12.     Removal of such cases is governed by 28 U.S.C. § 1441(b). Section 1441(b) makes clear that a case brought in state court, raising a federal question, "shall be removable" to the United States District Courts "without regard to the citizenship or residence of the parties." *See* 28 U.S.C. § 1441(b).

13.     Here, the Complaint purports to assert a claim against Synchrony for alleged violations of the Fair Debt Collection Practices, Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"). *See* Complaint, ¶ 15.

14.     The Complaint alleges violations of federal statute—the Fair Debt Collection Practices Act—and consequently "arises under" the laws of the United States. *See* 28 U.S.C. § 1331. Therefore, this Court may properly exercise jurisdiction over these claims.

15.     To the extent that any other claims in this action may arise under state law, supplemental jurisdiction over such claims exists because those claims are "so related to [Plaintiffs' federal claims] that they form part of the same case or controversy." 28 U.S.C. § 1367.

16.     Given that the requirements for federal question jurisdiction are satisfied, this case is properly removed.

WHEREFORE, Synchrony respectfully requests that the above-referenced action, originally filed in the State Court, be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

- 4 -

DATED:  May 16, 2017          DRUMMOND WOODSUM

By:*/s/Kaitlyn M. Husar*
Kaitlyn M. Husar, Bar No. 5614
Jeremy R. Fischer, Bar No. 4316
DRUMMOND WOODSUM
84 Marginal Way, Suite 600
Portland, Maine  04101-2480
Telephone: (207) 772-1941
E-mail: khusar@dwmlaw.com
*Attorneys for Defendant Synchrony Bank*

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May, 2017, a true and correct copy of the foregoing was served via first-class U.S. Mail, postage prepaid, upon the following:

>Robert M.A. Nadeau, Esq.
>Nadeau Legal PLLC
>311 Alfred Street
>Biddeford, ME  04005-3172
>*Counsel for Plaintiffs*

>DRUMMOND WOODSUM
>
>By:*/s/Kaitlyn M. Husar*
>Kaitlyn M. Husar, Bar No. 5614
>Jeremy R. Fischer, Bar No. 4316
>DRUMMOND WOODSUM
>84 Marginal Way, Suite 600
>Portland, Maine  04101-2480
>Telephone: (207) 772-1941
>E-mail: jfischer@dwmlaw.com
>*Attorneys for Defendant Synchrony Bank*