| | |
|---|---|
| STATE OF MAINE<br>YORK, SS. | DISTRICT COURT<br>BIDDEFORD<br>DOCKET NO.: |

MELISSA LETELLIER and
GREG RAY,

    Plaintiffs

v.

HOME SAFETY SOLUTIONS,
AIRTITE YOUR HOME.COM,
SYNCHRONY BANK and THE
BRAND BANKING COMPANY,
dba GreenSky, LLC,

    Defendants

<u>COMPLAINT</u>

    The Plaintiffs, Melissa Letellier and Greg Ray, by and through their undersigned counsel, complain against the Defendants named herein as follows:

    1.    The Plaintiff, Melissa Letellier, is a resident of Lyman, York County, Maine, where she owns a home located at 108 Clarkswood Road in the said Lyman (hereafter, "the home").

    2.    The Plaintiff, Greg Ray, is a resident of Auburn, Androscoggin County, Maine.

    3.    The Defendants, Home Safety Solutions ("HSS") and Airtite Your Home.com, ("Airtite"), are business entities maintaining their principal office location at the same address, namely, 1013 Wood Street in Scranton, Lackawanna County, Pennsylvania. At all times relevant to this litigation, they have acted in an apparent or actual joint venture and as partners/agents for each other, even to the point of utilizing the same sales representatives relative to their contacts and dealings with the Plaintiffs.

4. The Defendant, Synchrony Bank ("Synchrony"), is an FDIC-registered financial institution maintaining its principle office in Draper, Salt Lake County, Utah. At all times relevant to this Complaint, Synchrony has engaged in a business venture with HSS and Airtite to finance the sales, installations and related construction pertinent to walk-in bathtubs and related systems in residential and perhaps other structures.

5. The Defendant, The Brand Banking Company, is an FDIC-registered financial institution maintaining its principle office in Lawrenceville, Gwinnett County, Georgia, and at all times relevant to this Complaint has done business under the name of GreenSky, LLC ("GreenSky") while also engaging in a business venture with HSS and Airtite to finance the sales, installations and related construction pertinent to walk-in bathtubs and related systems in residential and perhaps other structures.

6. Each of the above-listed Defendants, HSS, Airtite, Synchrony and GreenSky, is subject to the provisions of Maine's long-arm jurisdiction statute inasmuch as they have engaged in substantial business within the state or have engaged in tortious conduct within the state, at least with respect to the Plaintiffs if not also with respect to other Maine customers.

7. In or about November 15, 2016, the Defendants, HSS and Airtite, caused the Plaintiffs to sign an HSS contract form and a related full financing agreement with Synchrony to support the purchase and installation of an "American Walk-in-Tub, 48" x 30", at the home for the financed price of $10,000.00, and caused the Plaintiff, Ray, to sign a related Airtite contract and a related full financing agreement with GreenSky to support, among other things, the installation of a "new BCI acrylic wall system on three tub walls" at the home for the financed price of $5,000.00.

2

8. The contracts and, therefore, the underlying financing agreements, violated the Plaintiffs' rights as consumers pursuant to the provisions of the **Maine Home Construction Contracts Act and the Maine Unfair Trade Practices Act** promulgated to protect consumers such as the Plaintiffs because the contracts failed to comply with Maine law in several material respects including but not limited to the following:

    a. The $5,000.00 Airtite contract form was not signed by the Plaintiff Letellier, who is the sole owner of the property where the work was performed. The provisions of 10 M.R.S.A. § 1487 mandated her signature to render that contract valid.

    b. The $5,000.00 Airtite contract failed to identify the work dates including but not limited to the estimated date of commencement of work and the estimated date when the work would be substantially completed. Further, although the $10,000.00 HSS contract did specify dates, that company failed to honor those dates causing a late installation by several weeks. See 10 M.R.S.A. § 1487 (3).

    c. Neither contract contained the warranty statement mandated by 10 M.R.S.A. § 1487 (7).

    d. Neither contract contained the resolution of disputes language mandated by 10 M.R.S.A. § 1487 (8).

    e. Neither contract contained the consumer protection information mandated by 10 M.R.S.A. § 1487 (13).

    f. Neither contract contained the notice and other information pertinent to the Maine Attorney General's publicly accessible website that are mandated by 10 M.R.S.A. § 1487 (14).

9.  Maine law provides for the award of a civil penalty of not less than $100.00 nor more than $1,000.00 for each violation of the aforesaid laws. Therefore, there being six (6) violations concerning the $5,000.00 Airtite contract and four (4) violations concerning the $10,000.00 HSS contract, for a total of ten (10) violations, the Plaintiffs are entitled to a minimum award to them of $400.00 or even a maximum award of $10,000.00 payable to them by HSS and a minimum award to them of $600.00 or even a maximum award of $10,000.00 payable to them by Airtite, for a total minimum payment of $1,000.00 or even a maximum award of $10,000.00, in the discretion of the Court.

10. Further, because the Defendants, Synchrony and GreenSky, were apparent or actual joint venture partners with HSS and Airtite concerning the contracts and related agreements with either or both of the Plaintiffs, those lending institutions are jointly and severally liable to the Plaintiffs regarding the foregoing statutory claims.

11. Additionally and alternatively, the Defendants, HSS and Airtite, not only was substantially untimely regarding their promised performance of the alleged, contracted work, but also, those Defendants committed substantial waste and destruction of the home due to their failure to fulfill their **implied warranties** to the Plaintiffs to perform their work in a good and workmanlike manner, all in **breach of contract** relative to their purported contracts with either or both of the Plaintiffs.

12. Further, and additionally and alternatively, the Defendants, HSS and Airtite, engaged in **negligence**, not only with respect to their representations to the Plaintiffs regarding their construction-related skills but also regarding the timeliness and manner of performance and regarding the nature and extent of the costs for the work.

4

13. By certified letters dated February 21, 2017, the Plaintiffs, through their undersigned counsel, made demand upon the Defendants, HSS and Airtite, pursuant to the provisions of the above-referenced Acts, for the cancellation and revocation of their contracts with either or both of the Plaintiffs; for those Defendants' retrieval of their bathtub and related systems at the home and the restoration of the home to its pre-construction condition; for those Defendants' full cooperation to pay off and cancel the associated loan debts to the Defendants, Synchrony and GreenSky; and for those Defendants to pay minimum statutory damages to the Plaintiffs.

14. Despite all of the foregoing, the Defendants, HSS and Airtite, have failed or refused to tender any reply and any reasonable offer of settlement.

15. Meanwhile, to the present and presumably on a continuing basis hereafter, the Defendants, Synchrony and GreenSky, have engaged in dunning activities to collect payment of the financing, and have repeatedly telephoned the Plaintiff, Ray, to harass him regarding payment, while also imposing accruing finance and late charges and making threats to take legal action and to otherwise harm his creditworthiness. They have done these things despite Ray's repeated requests to those Defendants' agents and servants to cease those communications which are in violation of the provisions of the federal Fair Debt Collection Practices Act and Maine's credit collections statutes.

16. The Plaintiffs have been greatly harmed by the Defendants' individual and collective violations of law.

WHEREFORE, the Plaintiffs request that a judgment shall be issued in their favor against all four of the Defendants, jointly and severally, declaring the contracts and related financing agreements between either or both Plaintiffs and those Defendants to be

null and void and thereby revoked; awarding statutory and consequential damages to the Plaintiffs; awarding to the Plaintiffs their reasonable attorney fees and costs; and, granting such other and further relief as is just.

THE PLAINTIFFS

Dated: April 7, 2017

By: Robert M.A. Nadeau, Esq. (7460)
Nadeau Legal PLLC
311 Alfred Street
Biddeford, ME 04005-3127
(207) 494-8086